ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 0 2003

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | |
|---|---|
| RMAX, INC. | § |
| Plaintiff, | § § § |
| v. | §  Civil Action No. 3:03-CV-1404-R |
| SARNAFIL, INC. | § § § |
| Defendant. | § § |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Rmax, Inc. ("Rmax"), Plaintiff, files this its First Amended Complaint, complaining of Sarnafil Inc. ("Sarna"), Defendant, and for cause of action shows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. Plaintiff Rmax is a corporation doing business in Dallas County, Texas.

2. Defendant Sarna is a corporation, duly formed and existing under the laws of the State of Maryland. Sarna has appeared in this action and is before the court for all purposes.

3. This court has jurisdiction over this matter pursuant to 43 U.S.C. §1332. Complete diversity exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

### II.
### FACTUAL BACKGROUND

4. Rmax and Sarna have had a long-standing business relationship under which Sarna orders products and materials from Rmax, and Rmax fulfills such orders by delivering the

ordered products and materials to Sarna. Sarna remits all payments for Rmax products to Dallas, Texas.

5. At issue in this lawsuit are Sarna's orders for Rmax products and materials from Rmax's plant in Fernley, Nevada (the "Fernley Plant").[1] Sarna ordered products and materials from Rmax's Fernley Plant, and Rmax timely and promptly delivered such products and materials to Sarna. As agreed, Rmax invoiced Sarna for such products and materials from Rmax's Dallas, Texas office. *See* Invoices attached as Exhibit A.

6. Rmax fully performed its obligations in connection with the production and delivery of the products and materials from the Fernley Plant to Sarna. Notwithstanding Rmax's full performance, Sarna has wrongfully refused to pay Rmax for the products and materials Sarna ordered.

7. Sarna has unequivocally refused to remit payment for its orders, stating that it is "withholding payment on all pending R-max invoices." *See* Letter from Sarna to Rmax dated May 20, 2003, attached as Exhibit B.

8. All conditions precedent to Rmax's recovery against Sarna have been fulfilled and/or performed.

## III.
## LEGAL CLAIMS

9. Sarna agreed to pay Rmax for products and materials ordered by Sarna. However, Sarna has breached its payment obligation owed to Rmax by failing and/or refusing to pay for Rmax products and materials received by Sarna from the Fernley Plant. In fact, Sarna has anticipatorily repudiated its payment obligations for the products and materials it accepted

---

[1] Rmax also operates a plant in Greer, South Carolina (the "Greer Plant"). Rmax is not making a claim for payment in this action for any products produced at or delivered from its Greer Plant.

PLAINTIFF'S FIRST AMENDED COMPLAINT  Page 2
D-1147159.1

and received. As a result of Sarna's breach of its payment obligation, Rmax has been damaged in an amount exceeding $400,000.00.

10. In the alternative, due to Sarna's failure to pay Rmax the reasonable value of the products and materials received and accepted by Sarna, Sarna will be unjustly enriched if allowed to retain the benefit of the accepted products and materials without payment for same. As such, Sarna is required to pay Rmax the reasonable value of the products and materials Rmax provided to Sarna.

11. Pursuant to Texas Civil Practice and Remedies Code Chapter 38, Rmax is entitled to recover its reasonable and necessary attorneys' fees incurred in connection with the filing and prosecution of this action to judgment.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rmax, requests that on final trial, Rmax have judgment against Sarna as follows:

a. Actual damages for Rmax's claims in this action;

b. Prejudgment interest as provided by law;

c. Attorneys' fees;

d. Postjudgment interest as provided by law;

e. Costs of suit; and

f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

HAYNES AND BOONE, L.L.P.

_____
Thomas E. Kurth
State Bar No. 11768500
Victor D. Vital
State Bar No. 00794798

901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument has been provided to the parties listed, as indicated, pursuant to the Federal Rules of Civil Procedure, on this 9th day of July 2003.

| | |
|---|---|
| John Henderson<br>Joel Geary<br>Brown McCarroll, L.L.P.<br>2001 Ross Avenue, Suite 2000<br>Dallas, Texas 75201 | *Via Hand Delivery* |

_____
Victor D. Vital